[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
These two appeals and applications for review of statements of compensation were returned to court on June 18, 1996. They involve two adjoining lots on Hamilton Avenue in the City of Meriden described as 55 and 63 Hamilton Avenue and shown as lots 84(4) and 84(3) on a map prepared for Joseph Cotrona, dated January 20, 1988, and on file in the Meriden City Clerk's Office.
The lots were acquired by the City for the purpose of enhancement, code update and expansion of the site supporting the additions project at the Benjamin Franklin Elementary School. On or about October 24, 1995, the City filed Statements of Compensation with the clerk of this court and gave notice to all CT Page 9271 owners and other persons having a record interest in the premises. The condemnor, the City of Meriden, determined in the Statements of Compensation that the amount of compensation to be paid for lot 84(3), 63 Hamilton Avenue, was $30,000, and that the amount of compensation to be paid for lot 84(4), 55 Hamilton Avenue, was $30,000. These sums were accordingly deposited with the clerk of the Superior Court for the Judicial District of New Haven at Meriden in accordance with the provisions of section8-130 of the Connecticut General Statutes.
File CV96-0252569 pertains to lot 84(3), 63 Hamilton Avenue: File CV96-0252570 pertains to lot 84(4), 55 Hamilton Avenue.
The parties appeared before the court on September 8, 1997, for an evidentiary hearing. Although the cases were not consolidated, the court heard testimony from all the appraisers on both lots without interruption. Plaintiffs' appraiser submitted a single report covering both parcels and testified as to the fair market value of both lots on direct and cross as if the files had been consolidated. Counsel for plaintiff and defendant requested the court to follow this procedure. Thereafter the court viewed the properties accompanied by counsel. Subsequently, the court viewed property known as 45 Kim Lane, Meriden, Connecticut, which property was sold on May 4, 1994, and was described in testimony as the best of the comparables selected by the City's appraisers.
The court finds that both lots are located in an R-1 zone immediately adjacent to the unimproved portion of Hamilton Avenue (Street). Each lot is within easy access to water and sewer and is suitable for siting a medium range single-family house in the 110 to 135,000 dollar range. The overall neighborhood is attractive and within walking distance of elementary, middle and high school. All utilities are available. The rear portion of the land is adjacent to a brook, but the overall topography does not suggest flooding would affect construction on either lot.
Some additional work on the unimproved, unaccepted street would have to be completed before certificates of occupancy could be obtained. The owner, a contractor, offered credible testimony that approximately $8000 per lot would cover these additional costs.
Owner testified further that he valued each lot at $65,000, as of the taking date, October 24, 1995. Plaintiffs' appraiser CT Page 9272 using sales consummated in 1989 and the 1988 municipal assessment as guidelines estimated the value of each lot as of October 1, 1988, at $65,000. This value included road work completed by the owner subsequent to the assessment. The appraiser discounted this 1988 value by 20 percent to arrive at a fair market value as of October 24, 1995, of $52,000 per lot.
The defendant introduced the testimony of two certified appraisers. John Maier, Jr. estimated the fair market value of each lot to be 26,500 relying on the sales comparison approach. Maier compared the property to four properties sold in 1994, two of which were eighteen months before the taking date and two which were fourteen months before the taking date. Maier testified that 45 Kim Lane was the most comparable property to the subject properties. The City also submitted testimony from Mr. Diorio who prepared an appraisal estimating the fair market value of the subject lots as of December 30, 1994, and as of the taking date to be $30,000. Diorio relied on the sales comparison approach using three comparables, one of which was Kim Lane, which he considered the closest in comparability.
Weighing this testimony and after examination of the subject properties and Kim Lane, factoring in both the modest appreciation in the local real estate market between January 1, 1995 and October 24, 1995, and cost of development of Kim Lane, the court concludes that the fair market value of lot 84(3) as of October 24, 1995 is $36,500, and the fair market value of lot 84(4) is $36,500.
Judgment may enter for the plaintiff on file 0252569 for the further sum of $6500, in addition to the $30,000 already paid together with interest on said further sum at the rate of 10 percent from the date of taking to the date of payment together with costs and an allowance for $250 as an appraiser's fee and an allowance of $150 for the testimony of Edward Schwartz, the plaintiffs' appraiser
Judgment may enter for the plaintiff on file 0252570 for the further sum of $6500 to the $30,000 already paid together with interest on said further sum al the rate of 10 percent from the date of taking to the date of payment without any further allowance for an appraiser's fee or for testimony for the plaintiffs' appraiser.
Dorsey, J. CT Page 9273 Judge Trial Referee